# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

### CASE NO. 20-MC-24658 SCOLA/GOODMAN

AVIONS DE TRANSPORT REGIONAL,
G.I.E.,

    Plaintiff,

v.

AVIAN LIENAS AÉRERAS, S.A.
and Others,

    Defendants.

_____/

## REPORT AND RECOMMENDATIONS ON PLAINTIFF'S MOTION FOR ORDER DIRECTING GARNISHEE TO TURN OVER PROPERTY BELONGING TO JUDGMENT DEBTORS DEFENDANT SYNERGY AERSOPACE [SIC] CORP FOR <u>PARTIAL SATISFACTION OF FINAL JUDGMENT</u>

Plaintiff Avions De Transport Regional G.I.E. filed a motion requesting the Court to order Banco Davivienda International ("Garnishee") to turn over Defendant Synergy Aerospace Corp.'s assets in its possession. [ECF No. 7]. United States District Court Judge Robert N. Scola referred the motion to the Undersigned for "either an order or a report and recommendations." [ECF No. 8]. For the reasons outlined below, the Undersigned **respectfully recommends** that the District Court grant Plaintiff's motion and order Garnishee to pay Plaintiff by check to Plaintiff's counsel, Janet Rayo, $10,201.04.

I.      **Factual Background**

Plaintiff obtained a judgment against Defendant in the Southern District of New York in the amount of $14,677,650, plus interest at 9% per annum from September 30, 2017, amounting to $16,076,313.01. [ECF No. 1]. Plaintiff registered the underlying foreign judgment with this Court. [ECF No. 1]. After registering the foreign judgment, Plaintiff filed a motion for writ of garnishment on Garnishee [ECF No. 3], which was issued by the clerk the following day. [ECF No. 4]. Garnishee filed its Answer, stating it possesses $10,201.04 in Defendant's funds. [ECF No. 6].

II.     **Legal Standard**

"A judgment in an action for the recovery of money or property entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district" and when registered, "shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner." 28 U.S.C. § 1963.

Federal Rule of Civil Procedure 69(a)(1) provides as follows:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution — and in proceedings supplementary to and in aid of judgment or execution — must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a)(1).

Because this district is in the State of Florida, Florida law applies in executing a

judgment and in garnishment proceedings. *See Zelaya/Capital Intern. Judgment, LLC v. Zelaya*, 769 F.3d 1296, 1303 (11th Cir. 2014) ("Writs of garnishment are governed in the first instance by Rule 69 . . . . [T]hus provid[ing] that Florida law applies to the writs in question to the extent that it does not conflict with federal law.").

### III.   Analysis

In compliance with Florida Statutes Section 77.03, Plaintiff filed a motion for writ of garnishment stating the amount of the judgment. [ECF No. 3]. The clerk issued the writ of garnishment to Garnishee. [ECF No. 4]. Garnishee filed its Answer, stating it holds $10,201.04 in funds in favor of Defendant. [ECF No. 6]. Plaintiff filed no response or objection to Garnishee's Answer. [ECF No. 7, p. 3].

Plaintiff mailed Defendant a copy of Plaintiff's Motion for Issuance of Post-Judgment Writ of Garnishment and the clerk issued a Writ of Garnishment to Defendant's registered agent in New York. [ECF No. 7-1]; *see* Fla Stat. § 77.041(2) ("The plaintiff must mail, by first class, a copy of the writ of garnishment, a copy of the motion for writ of garnishment . . . to the defendant's last known address . . . .").

Plaintiff also mailed Defendant a copy of Garnishee's Answer and a notice advising Defendant it must move to dissolve the writ of garnishment within 20 days. [ECF No. 7-1]; *see* Fla Stat. § 77.055 ("[P]laintiff shall serve, by mail, the following documents: a copy of the garnishee's answer, and a notice advising the recipient that he or she must move to dissolve the writ of garnishment within 20 days after the date

indicated on the certificate of service in the notice if any allegation in the plaintiff's motion for writ of garnishment is untrue.").

Defendant has failed to respond to any of the provided notices or pleadings. Accordingly, Defendant has waived any exemption or opportunity to dissolve the writ. *Branch Banking and Trust Co. v. Carrerou*, 730 Fed. Appx. 869, 871 (11th Cir. 2018) ("[B]y failing to timely file [a] claim of exemption and motion to dissolve, [a debtor] forfeit[s] his exemption claim and his opportunity to dissolve the writ.").

If a plaintiff fails to file an objection to a garnishee's answer, then the answer is taken as true. Fla Stat. § 77.061. In its motion, Plaintiff notes that it did not file an objection. [ECF No. 7]. As such, the Undersigned accepts Garnishee's Answer as true. In situations such as this, Florida law mandates "[j]udgment against the garnishee on the garnishee's answer . . . shall be entered for the amount of his or her liability as disclosed by the answer." Fla Stat. § 77.083.

Accordingly, the Undersigned **respectfully recommends** the District Court grant Plaintiff's motion and direct Garnishee to pay Plaintiff, by check to Plaintiff's counsel, Janet Rayo, $10,201.04. Upon payment of the $10,201.04, Garnishee should be discharged from further liability under the writ of garnishment.

### IV.    Objections

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with

United States District Judge Robert N. Scola Each party may file a response to the other party's objection within fourteen (14) days of the objection. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in this Report and Recommendations and shall bar the parties from attacking on appeal any factual or legal conclusions contained in this Report and Recommendations and to which they did not object, except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); CTA11 Rule 3-1.

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on July 9, 2021.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola
All counsel of record